## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| Charge Enterprises, Inc., | Case No. 24-10349 (TMH) |
| Debtor.[1] | **Ref. D.I. 141** |

### DEBTOR'S OBJECTION TO KORR PARTIES' EMERGENCY MOTION TO (I) ADJOURN CONFIRMATION HEARING AND (II) SCHEDULE CERTAIN DATES AND DEADLINES IN CONNECTION WITH CONFIRMATION OF THE DEBTOR'S PLAN PURSUANT TO BANKRUPTCY CODE SECTION 105(a) AND BANKRUPTCY RULE 3020

Charge Enterprises, Inc. (the "Debtor"), the debtor and debtor in possession in the above-captioned chapter 11 case (the "Chapter 11 Case"), hereby objects (this "Objection") to the *Emergency Motion to (I) Adjourn Confirmation Hearing and (II) Schedule Certain Dates and Deadlines in Connection with Confirmation of the Debtor's Plan Pursuant to Bankruptcy Code Section 105(a) and Bankruptcy Rule 3020* [D.I. 141] (the "Adjournment Motion"),[2] by which KORR Acquisitions Group, Inc., KORR Value, L.P., and Kenneth Orr (collectively, "KORR") seek (i) reconsideration of the Court's March 11, 2024, scheduling order [D.I. 58] (the "Scheduling Order") and (ii) application of certain Part VII rules that are not otherwise applicable to contested matters pursuant to Fed. R. Bankr. P. 9014(c), so as to push off KORR's deadline for objecting to the Plan and the hearing on confirmation of the Debtor's plan *by more than a month* and impose a bespoke procedural framework on the process in the meantime, all in order to comport with KORR's special vision of what would be required for a "fair" confirmation hearing (which vision,

---

[1]    The last four digits of the Debtor's federal tax identification number are 1969. The Debtor's mailing address for purposes of the Chapter 11 Case is 125 Park Avenue, 25th Floor, New York, New York 10017.

[2]    Capitalized terms used but not defined herein shall have the meaning ascribed to them in the *Debtor's Objection to KORR Parties' Emergency Discovery Motion Pursuant to Bankruptcy Rules 2004, 7026, and 9014* [D.I. 179] (the "Discovery Objection").

as discussed below, is demonstrably at odds with the applicable Bankruptcy Rules).  In support of

this Objection, the Debtor respectfully states as follows:

## PRELIMINARY STATEMENT

1.      KORR frames the Adjournment Motion as a procedural afterthought, filed "out of

an abundance of caution" based on "the Court's instruction (and Debtor's request) that the KORR

Parties make any future requests for relief in a motion on notice" (Adj. Mot. ¶ 1).  Of course,

*regardless of any instruction from the Court* (or request from the Debtor), Bankruptcy Rule 9013

generally requires that requests for relief be made in a written motion, on notice to the debtor.  But

even after being called out at the April 8 hearing for its disregard of applicable procedural rules,

KORR still can't bring itself to acknowledge (much less abide by) these rules.

2.      Rule 9013 also requires that a written motion seeking entry of an order "state with

particularity the grounds therefor."  But the Adjournment Motion devotes less than one page to the

basis for the relief requested.  And even then, it omits mention of any of the procedural rules *that*

*actually would apply* to the relief requested,[3] instead grounding its request for relief solely in the

Court's general equitable powers under 11 U.S.C. § 105(a) (without further elaboration or citation

to any precedent) and the Court's power to schedule a confirmation hearing and plan objection

deadline under Fed. R. Bankr. P. 3020 (which the Court *has already done*, in the Scheduling

Order).  Missing from the Adjournment Motion is any explanation of the procedural basis for the

Court to impose the various procedures and deadlines in ¶¶ 4-15 of KORR's proposed order on

the Adjournment Motion (the "Proposed Order"), which, as discussed below, are rooted in Federal

Rules of Civil Procedure that Bankruptcy Rule 9014(c) *expressly excludes* from application to

---

[3]      As discussed below, the relief sought in the Adjournment Motion would be governed by Del. Bankr. L.R. 9013-1(m)(v) (reconsideration of first-day orders), Fed. R. Bankr. P. 9023 & 9024 (reconsideration of/relief from prior orders) and/or 9014(c) (request for application of additional Part VII rules), as applicable.

contested matters such as Plan confirmation.  Further missing from the Adjournment Motion is any explanation of the procedural basis for the Court to modify the deadlines and procedures around the "Challenge Period" in the DIP Order, which is particularly dubious given that (i) KORR's (late, unwritten) objection to the DIP Order was overruled at the April 8 hearing, and (ii) as discussed below, ¶ 25(i) of the DIP Order significantly complicates (or outright precludes) any such modification.  The Debtor submits that KORR's failure to state the grounds for relief sought in the Proposed Order renders the Adjournment Motion facially deficient under Bankruptcy Rule 9013, which should end the analysis.

3.    However, because the Debtor can ill afford any disruption in its confirmation schedule—and given the experience at the April 8 hearing where KORR raised all manner of previously unpled arguments and issues live at the podium—this Objection responds not only to the arguments and authorities that were *actually raised* in the Adjournment Motion, but also the arguments and authorities that *should have been raised* in the Adjournment Motion if it had been brought pursuant to the procedural rules that actually would apply to the relief requested.

4.    At the hearing on the Adjournment Motion, testimony from the Debtor's Chief Financial Officer will establish that, despite KORR's counsel's assertions to the contrary at the April 8, 2024, hearing, the Debtor's business very much *is* a "melting ice cube."[4]  The Debtor being in bankruptcy and the attendant uncertainties relating to the outcome of this Chapter 11 Case have already impacted the operations and financial performance of the Debtor's operating

---

[4]    Hr'g Tr. Apr. 8, 2024, at 70:4-70 ("[W]hat we don't understand, Your Honor, is the need for speed.  It's not a melting ice cube.  There is no argument that the debtor can't stay in Chapter 11 through the 75-day period [typically reserved for parties to assert lien challenges under a case financing order]."); and 84:8-16 ("I understand that debtor's counsel is doing their job, they've signed an RSA, they've agreed to a schedule and they're trying to adhere to it, but you're not hearing that this is a melting ice cube, you're not hearing that they can't afford to pay their taxes or their unsecured creditors, and what little filings we've seen shows that they've been current.  So there's not this need for speed other than Arena understandably wants to cram this through . . . .").

3

subsidiaries, which would be exacerbated by *any* extension of the confirmation schedule, let alone the extension of *more than one month* that is sought in the Adjournment Motion.  Nor could the Debtor or its estate afford any such extension financially, as the Debtor has no source of committed funding for its operations or the continued prosecution of this Chapter 11 Case after May 5, 2024. Moreover, any failure to satisfy the milestones in the DIP Order (which include obtaining an order confirming the Plan no later than April 24, 2024) could result in a loss of even this funding commitment, which would likely result in an immediate conversion of the Chapter 11 Case to chapter 7.  That KORR offers no solution to these issues in its Adjournment Motion (or indeed, even makes any mention of them) further confirms for the Debtor that KORR's request for relief is a cynical leverage play designed to extract concessions from the Debtor and Arena related to the New York Action that the Debtor commenced against KORR prepetition (which would be prosecuted by the Arena-owned Reorganized Debtor after the Effective Date of the Plan).

5.      As discussed below, KORR has not been hampered in any way in its ability to bring an objection to confirmation of the Plan or prepare for a confirmation hearing on April 23. And KORR's own failure to apprehend and make appropriate use of the applicable procedural rules should not serve as a basis for holding up the Debtor's confirmation and imposing grave economic risks on the Debtor, its estate, and creditors.

6.      Due process is a two-way street.  *The Debtor* is also entitled to its day in court with respect to the Plan.  And that day is, and should remain, April 23, 2024.  *See* Fed. R. Bankr. P. 3020(b)(2) ("The court shall rule on confirmation of the plan after notice and hearing as provided in Rule 2002."); Sched. Ord. at ¶¶ 2 (scheduling hearing and objection deadline) and 7 (finding that the proposed notice of the same "satisf[ies] the requirements of the Bankruptcy Code and the Bankruptcy Rules").  Moving the confirmation hearing date because of the Debtor's

4

supposed failure to satisfy KORR's expectations for what KORR believes is necessary for a "fair" confirmation hearing, which expectations have no present mooring in any procedural rule or order of this Court, would amount to an impermissible sanction against the Debtor for violation of secret procedural requirements. *See Fed. R. Bankr. P.* 9029(b) ("No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of a district unless the alleged violator has been furnished in the particular case with actual notice of the requirement.").

7.     The Adjournment Motion should be denied.

## RELEVANT BACKGROUND

8.     The Debtor incorporates the background from its Discovery Objection as if set forth fully herein.

9.     On April 12, 2024, the Debtor noticed depositions of Mr. Orr and the KORR entities to occur prior to the April 23, 2024, confirmation hearing [D.I. 181, 182 & 183].

10.     On April 13, 2024, the Debtor made a seventh production to KORR of 434 documents, totaling 1,939 pages, consisting of documents provided by Piper Sandler.  To date, the Debtor has produced 2,964 documents, totaling 17,699 pages, in response to KORR's discovery requests.  And it has done so in less than the thirty days that is provided by Fed. R. Civ. P. 34(b)(2)(A), made applicable by Bankruptcy Rule 7034, for responses to requests for production.[5] If KORR had served its discovery requests sooner (and assuming the same amount of work would have gone into collecting and reviewing documents in response to them), then the Debtor could have produced the documents even sooner.  Nevertheless, as indicated in the Discovery Objection,

---

[5]     KORR's requests were dated March 18 and March 21, 2024.

the Debtor will continue to review the documents in its possession to determine if it is feasible to provide additional documents responsive to KORR's requests.

11.    On April 14, the Debtor served interrogatories and requests for production for documents on KORR, and provided KORR with the Debtor's privilege log in connection with its document production.

12.    Also on April 14, KORR noticed a Rule 30(b)(6) deposition of the Debtor to occur prior to the April 23, 2024, confirmation hearing [D.I. 184].  To date, KORR has not served any interrogatories or requests for admission on the Debtor (or, to the Debtor's knowledge, anyone else) and has not noticed any other depositions in the Chapter 11 Case.

## OBJECTION

13.    The Bankruptcy Code affords a chapter 11 debtor the exclusive right to file a chapter 11 plan for at least 120 days after the commencement of a case, and it expressly permits the debtor to file its plan along with its bankruptcy petition.  11 U.S.C. § 1121(a) & (b).  As discussed at the April 8 hearing, the Bankruptcy Code expressly provides that a chapter 11 plan may provide for "the settlement or adjustment of any claim or interest belonging to the debtor or to the estate."  11 U.S.C. § 1123(b)(3)(A).  The Bankruptcy Code also expressly provides that a chapter 11 plan may:

- provide for "issuance of securities of the debtor . . . in exchange for claims," 11 U.S.C. § 1123(a)(5)(J);

- "impair or leave unimpaired any class of claims, secured or unsecured, or of interests," 11 U.S.C. § 1123(b)(1); and

- "modify the rights of holders of secured claims . . . or of holders of unsecured claims, or leave unaffected the rights of holders of any class of claims," 11 U.S.C. § 1123(b)(5).

14.    Section1125(g) of the Bankruptcy Code and Bankruptcy Rule 3018(b) contemplate that acceptances of a chapter 11 plan may be solicited prepetition, and section 105(d)(2)(B)(vi) of

US.363512309.02

the Bankruptcy Code authorizes the bankruptcy court to combine the hearing on approval of a disclosure statement and confirmation of a plan.

15.     Bankruptcy Rule 3020(b)(1) provides that any objections to confirmation of a chapter 11 plan shall be filed "within a time fixed by the court."  Bankruptcy Rule 3020(b)(2) provides that "[t]he court *shall rule on confirmation of the plan after notice and hearing as provided in Rule 2002*" (emphasis added).

16.     Bankruptcy Rule 2002, in turn, requires that parties in interest be provided "28 days notice by mail of the time fixed . . . for filing objections and the hearing to consider confirmation of a chapter . . . 11 plan."  Fed. R. Bankr. P. 2002(b)(b).  This notice period applicable to chapter 11 plans under Rule 2002(b) is longer than the period applicable to certain other matters under Rule 2002(a) because, as explained in the Advisory Committee Note:

> *Subdivision (b)* is similar to subdivision (a) but lengthens the notice time to 25 days[6] with respect to those events particularly significant in chapter 9, 11, and 13 cases.  The additional time may be necessary to formulate objections to a disclosure statement or confirmation of a plan and preparation for the hearing on approval of the disclosure statement or confirmation.

Thus, from the perspective of the drafters of the Bankruptcy Rules, *one or two weeks* is an appropriate amount of extra time to provide parties to prepare an objection to and for hearing on confirmation of a chapter 11 plan under Bankruptcy Rule 2002(b), on top of the time they would otherwise be provided in response to less "significant" filings under Bankruptcy Rule 2002(a).

17.     Bankruptcy Rule 3020(b)(1) provides that objections to confirmation of a chapter 11 plan are "governed by Rule 9014."[7]  Rule 9014, in turn, sets for the procedural rules that are

---

6     In 2009, the Bankruptcy Rules were amended to change deadlines to multiples of seven days.  Prior to these amendments, the deadline under Rule 2002(a) was 20 days and the deadline under Rule 2002(b) was 25 days.

7     This is consistent with Fed. R. Bankr. P. 7001, which sets forth the exclusive list of proceedings that constitute "adversary proceedings" governed by the Part VII rules, and specifically excludes "a proceeding to obtain an injunction or other equitable relief" when "a . . . chapter 11 plan . . . provides for the relief."  Fed. R. Bankr. P. 7001(7).

US.363512309.02

applicable to any "contested matter" (as distinct from an "adversary proceeding").  It incorporates *certain (but not all)* of the Part VII rules in a contested matter, as follows:

> Except as otherwise provided in this rule, and unless the court directs otherwise, the following rules shall apply: 7009, 7017, 7021, 7025, 7026, 7028-7037, 7041, 7042, 7052, 7054-7056, 7064, 7069, and 7071.  *The following subdivisions of Fed. R. Civ. P. 26, as incorporated by Rule 7026, shall not apply in a contested matter unless the court directs otherwise*: 26(a)(1) (mandatory disclosure), 26(a)(2) (disclosures regarding expert testimony) and 26(a)(3) (additional pre-trial disclosure), and 26(f) (mandatory meeting before scheduling conference/discovery plan).  An entity that desires to perpetuate testimony may proceed in the same manner as provided in Rule 7027 for the taking of a deposition before an adversary proceeding.  The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply.  *The court shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order.*

Fed. R. Bankr. P. 9014(c) (emphasis added).[8]

18.    As relevant to the Adjournment Motion, below is a table of certain Part VII rules that do ___**not**___ apply to contested matters, with a brief description of what the rule would provide ___*if*___ it were applicable:

---

[8]    The last sentence of Rule 9014(c) accords with Bankruptcy Rule 9029(b)'s (commonsense) proscription against sanctioning a party for violation of secret procedural requirements, as noted above: "No sanction or other disadvantage may be imposed for noncompliance with any requirement not in federal law, federal rules, Official Forms, or the local rules of the district unless the alleged violator has been furnished in the particular case with actual notice of the requirement."

| Rule | Description |
|------|-------------|
| Fed. R. Civ. P. 26(a)(1) | Would require parties to make certain disclosures without awaiting a discovery request, including<br><br>• "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses" and<br><br>• "a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses,"<br><br>within 14 days after the parties' Rule 26(f) conference. |
| Fed. R. Civ. P. 26(a)(2) | Would require parties to disclose to the other parties "the identity of any witness [they] may use at trial to present evidence under Federal Rules of Evidence 702, 703, or 705," which disclosure would ordinarily need to be accompanied by a written expert report, within a time fixed by the court. |
| Fed. R. Civ. P. 26(a)(3) | Would require parties to disclose to other parties the witnesses they intend to call and the exhibits they intend to offer into evidence at trial, at least 30 days prior to trial, and establish a deadline of 14 days after such disclosure for the parties to lodge evidentiary objections. |
| Fed. R. Civ. P. 26(f) | Would require parties to confer "as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)," in order to "make or arrange for the disclosures required by Rule 26(a)(1)" and "develop a proposed discovery plan" that would include the parties' views on the timing of disclosures, and scope and timing of discovery, for consideration by the court at the Rule 16 scheduling conference. |
| Fed. R. Civ. P. 16(b) (via Fed. R. Bankr. P. 7016(a)). | Would require the court to (i) hold a scheduling conference after receiving the parties' report under Rule 26(f) and (ii) issue a scheduling order establishing a deadline for the completion of discovery (which order would typically also provide for sub-deadlines for disclosures, substantial completion of document productions, completion of written discovery, depositions, and identification of trial witnesses and exhibits, among other things. |

19.    These omissions from the "contested matter" procedural rules were clearly purposeful, and they comport with the 21-day and 28-day time periods contemplated by Bankruptcy Rule 2002(a) and (b) between the commencement of the applicable proceedings and the courts' resolution thereof.  Indeed, as observed in the Advisory Committee Note to the 2004 amendments to Rule 9014: "The typically short time between the commencement and resolution of most contested matters makes the mandatory disclosure provisions of Rule 26 ineffective." (And the same reasoning would apply with respect to Fed. R. Civ. P. 16(b), which contemplates the court holding a mandatory scheduling conference and entering a mandatory scheduling order only after the parties have had a meeting pursuant to Fed. R. Civ. P. 26(f).)

20.    Consistent with the foregoing legal and procedural framework, the Debtor negotiated and solicited a prepackaged[9] chapter 11 plan of reorganization prepetition that (i) contains a number of interrelated settlements between the Debtor, the Debtor's estate, and Arena, regarding their claims against one another, (ii) provides for the satisfaction of Arena's claims (including those under the DIP Order) by issuance of 100% of the equity of the reorganized Debtor, (iii) provides for the unimpairment of all other claims (other than Section 510(b) Claims and Other Subordinated Claims, each as defined in the Plan), and (iv) provides for the full impairment (i.e., cancellation with no recovery) of all existing equity interests.  The Debtor believes the Plan is confirmable and represents a vastly superior outcome for the Debtor and its creditors—and no worse of an outcome for the Debtor's equity holders—than the alternative of

---

[9]    KORR's counsel quibbled at the April 8 hearing with the Debtor's use of the term "prepackaged" rather than "pre-negotiated" when describing the Plan.  The Plan is "prepackaged" as the term is used in restructuring parlance, because it was actually solicited and accepted by the requisite class prepetition.  The debtor's engagement with obtaining the assent of creditors and interest holders who are fully impaired under (and thus deemed to reject) a plan is not necessary for that plan to be considered "prepackaged."

the Debtor losing substantially all of its assets via a U.C.C. Article 9 foreclosure by Arena, which is likely what would have happened in the absence of a negotiated resolution with Arena.

21.     The Debtor filed its Plan with its bankruptcy petition, along with a scheduling motion [D.I. 14] (the "<u>Scheduling Motion</u>") seeking to schedule a combined hearing on the adequacy of the disclosures in, and confirmation of, the Plan.

22.     The Scheduling Motion was granted by the Court in the Scheduling Order on March 11, 2024, which scheduled the hearing on confirmation of the Plan for April 23, 2024, and established a deadline of April 12, 2024, for the filing of any objections to confirmation of the Plan.  Adhering to this confirmation schedule is critical for the Debtor, because (i) it does not have any committed source of funding for its operations or the continued prosecution of this chapter 11 case after May 5, 2024, (ii) failure to satisfy the milestones in the DIP Order (which include obtaining an order confirming the Plan no later than April 24, 2024) would result in a loss of funding and likely chapter 7 conversion, and (iii) even if the Debtor could obtain additional funding and milestone relief, extending the Debtor's stay in bankruptcy would put its business at substantial risk, all as will be explained further by the Debtors' Chief Financial Officer at the hearing on the Adjournment Motion.

23.     Consistent with the Scheduling Order, the Debtor filed and served notice of the hearing and objection deadline on all parties on March 12, 2024 [D.I. 61], which provided (more than) sufficient notice under Bankruptcy Rule 2002(b).

24.     KORR was present through counsel at the first-day hearing but did not at that time object to the Scheduling Motion or make a request for application of any additional Part VII rules pursuant to Bankruptcy Rule 9014(c).   And to date, KORR has not filed a motion for

reconsideration of the Scheduling Order or for application of any additional Part VII rules pursuant to Bankruptcy Rule 9014(c).

## II.   Section 105(a) and Bankruptcy Rule 3020 Provide No Basis for the Relief Requested

25.     As noted above, the only statutory and procedural predicates relied upon by KORR in the Adjournment Motion for the relief sought are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3020.  (Adj. Mot. ¶ 16.)

26.     In the cursory "Basis for Relief" section of the Adjournment Motion, KORR begins by quoting the "any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]" language in section 105(a), with no further elaboration. (Adj. Mot. ¶ 18.)  But it is well established that "the equitable powers emanating from § 105(a) . . . are not a license for a court to disregard the clear language and meaning of the bankruptcy statutes and rules."  *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004) (citations and internal quotation marks omitted).  And as discussed below, there are rules that specifically apply to the relief requested in the Adjournment Motion—in which case, the Court's power under section 105(a) is necessarily constrained by those rules, and section 105(a) cannot provide an independent path to relief that would effect an end-run around those rules.

27.     KORR next cites Bankruptcy Rule 3020(b)(1) for the proposition that it "allows the Court to set the deadline for plan objections and the confirmation hearing."  (Adj. Mot. ¶ 18.)  It then cites dictum from a decision involving a lift-stay motion for the proposition that, in the context of a contested chapter 11 plan confirmation, there is a right to "'discovery as provided by Rule 9014 of the Federal Rules of Bankruptcy Procedure.'"  (Adj. Mot. ¶ 19 (quoting *In re Nw. Corp.*, No. 03-12872(CGC), 2004 WL 1345100, *2 (Bankr. D. Del. June 16, 2004)).)  The Debtor does not disagree with these propositions of law, so far as they go.  But the relief requested in the Adjournment Motion *does not follow from them.*

12

28.    First, by its Scheduling Order, which was entered in response to the Debtor's Scheduling Motion, the Court *already has* scheduled a confirmation hearing and objection deadline.  Accordingly, KORR's request to change these dates is not a request for scheduling under Rule 3020, but a *request for reconsideration* of the existing Scheduling Order, which would be governed by Local Bankruptcy Rule 9013-1(m)(v) and Bankruptcy Rules 9023 and 9024, as discussed below.

29.    Second, despite KORR's suggestions to the contrary, the Adjournment Motion does not seek to vindicate a right to "discovery as provided by Rule 9014"—rather, it seeks to impose discovery procedures and deadlines that are rooted in Fed. R. Civ. P. 26(a)(1)-(3) and (f), and Fed. R. Civ. P. 16(b),[10] which expressly *do not apply* unless and until ordered by the Court under Bankruptcy Rule 9014(c).  This relief would therefore be governed by Rule 9014(c)—and probably also by the reconsideration rules noted above, insofar as these additional discovery procedures and deadlines were not already included in the Scheduling Order.

30.    The Adjournment Motion also seeks modifications of deadlines (and procedures) relating to the "Challenge Period" under the DIP Order,[11] which amounts to a back-door request for reconsideration of the DIP Order.  Such a request would be governed by Bankruptcy Rules 9023 and 9024—and greatly complicated, if not altogether foreclosed, by Paragraph 25(i) of the DIP Order, which provides, in pertinent part, as follows:

> [N]otwithstanding any modification or reversal of any or all of this Final Order or the Interim Order by a subsequent order of the Court or any other court, the DIP Secured Parties and the Prepetition Secured Parties are entitled to the protections provided in section 364(e) of the Bankruptcy Code, and no such modification or reversal shall affect the validity and enforceability of any DIP Obligation, DIP Lien, Adequate Protection Superpriority Claim, or Adequate

---

[10]    These procedures and deadlines are set forth in ¶¶ 4-15 of the Proposed Order.

[11]    *See* ¶¶ 8 and 14 of the Proposed Order.

US.363512309.02

Protection Lien, or any advances made hereunder or under the Interim Order, or the claims, liens, security interest, or priority authorized or created hereby or pursuant to the Interim Order or the other DIP Loan Documents (including the DIP Credit Agreement). Notwithstanding any such modification or reversal, any claim granted to the DIP Secured Parties hereunder arising prior to the effective date of such modification or reversal of any DIP Liens or of the DIP Superpriority Claims granted to or for the benefit of the DIP Secured Parties shall be governed in all respects by the original provisions of this Final Order, and the DIP Secured Parties shall be entitled to all of the rights, remedies, privileges, and benefits, including the DIP Liens and the DIP Superpriority Claims granted herein, with respect to any such claim.

(DIP Ord. ¶ 25(i).)

31.    In sum, section 105(a) of the Bankruptcy Code and Bankruptcy Rule 3020 provide no basis for the relief requested in the Adjournment Motion.  As these are the only bases for relief relied upon in the Adjournment Motion, that can (and should) end the analysis—the Adjournment Motion should be denied.

## III.    If the Adjournment Motion Were Construed as a Request for Reconsideration of the Scheduling Order, it Should Still Be Denied

32.    Fed. R. Civ. P. 59, made applicable to bankruptcy proceedings by Bankruptcy Rule 9023, authorizes the Court, on motion or on its own initiative, to (i) grant a new trial or (ii) alter or amend a judgment.  However, any grant of a new trial or alteration or amendment of a judgment (whether on motion or on the Court's own initiative) must occur no later than 14 days after entry of judgment.  *See* Fed. R. Bankr. P. 9023.  This deadline is firm and is not subject to enlargement under Bankruptcy Rule 9006.  *See* Fed. R. Bankr. P. 9006(b)(2) ("The court may not enlarge the time for taking action under Rules . . . 9023, and 9024.").  Thus, because the Adjournment Motion was filed more than 14 days after the Scheduling Order, it could not be considered a timely motion for reconsideration of the Scheduling Order under Bankruptcy Rule 9023.

US.363512309.02

33.     Fed. R. Civ. P. 60(b), made applicable to bankruptcy proceedings by Bankruptcy Rule 9024, authorizes the Court, on motion, to provide relief from a prior order under certain (enumerated) circumstances.  A motion under Rule 60(b) must be made "within a reasonable time" after entry of the order at issue.  *See* Fed. R. Civ. P. 60(c)(1).  This deadline is firm and is not subject to enlargement under Bankruptcy Rule 9006 (so as to permit, e.g., a motion to be filed after an unreasonable time).  *See* Fed. R. Bankr. P. 9006(b)(2) ("The court may not enlarge the time for taking action under Rules . . . 9023, and 9024.").  While Rule 60(c) does not specify what constitutes a "reasonable time," this Court's Local Rules provide a motion for reconsideration of "any First Day Order, other than any order entered under 11 U.S.C. §§ 363 and 364 with respect to the use of cash collateral and/or approval of post-petition financing," may be filed "within twenty-eight (28) days of the entry of such order, unless otherwise ordered by the court."  Del. Bankr. L.R. 9013-1(m)(v).  Because the Scheduling Order was a "First Day Order," and the Adjournment Motion was filed more than 28 days after its entry, the Adjournment Motion could not be considered a timely motion for reconsideration of the Scheduling Order under Local Rule 9013-1(m)(v).

34.     Even assuming *arguendo* that a reconsideration motion that is untimely under the Local Rules could somehow be considered filed "within a reasonable time" for purposes of Fed. R. Civ. P. 60(c), the Adjournment Motion still would not satisfy the standard for reconsideration under Fed. R. Civ. P. 60(b).  The exclusive grounds for relief under that subdivision are as follows:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

15

(4) the judgment is void;

(5) the judgment has been satisfied, release, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(2).  Here, there was no mistake in the Scheduling Order, which set the confirmation hearing and objection deadline in accordance with Bankruptcy Rule 2002(b) and was not required to include application of any additional Part VII rules.  Nor would it be possible for KORR to show its failure to object to the deadlines in the Scheduling Order or to request application of additional Part VII Rules was the result of "inadvertence, surprise, or excusable neglect" when KORR (i) knew about the Debtor's intended confirmation timeline *before* the filing of the Debtor's bankruptcy case, and (ii) was present via (several) counsel at the first-day hearing when the Scheduling Motion was presented and granted.  There is no "newly discovered evidence" at issue.  Nor has there been any fraud, misrepresentation, or misconduct by the Debtor.

35.    Indeed, despite KORR's grumblings throughout the Adjournment Motion regarding the Debtor's failure to satisfy KORR's procedural expectations, none of those expectations are actually rooted in a procedural rule that currently applies (whether naturally or by operation of an order of the Court), as indicated in the following table:

| KORR Grumbling | Inapplicable Procedural Rule(s) it Relates To |
|---|---|
| "[T]he Debtor and Arena have still refused to tell the KORR Parties when they expect to substantially complete their productions." (Adj. Mot. ¶ 7.) | Fed. R. Civ. P. 26(f) & 16(b)(3)(A). |
| "[D]uring the meet and confers, the Debtor refused to confirm that there will even be expert testimony, much less agree to provide an expert report for its valuation expert."  (Adj. Mot. ¶ 8.) | Fed. R. Civ. P. 26(a)(2) |

16

| KORR Grumbling | Inapplicable Procedural Rule(s) it Relates To |
|---|---|
| "[T]he Debtor has refused to provide virtually any pre-trial schedule [for] key milestones for a contested confirmation hearing including: (i) the substantial completion of document productions; (ii) the conducting of fact depositions; (iii) taking expert discovery; (iv) exchanging expert reports; and (v) designating trial exhibits and witness lists."[12] | Fed. R. Civ. P. 26(a)(2) & (3), 26(f), and 16(b)(3). |

36.    Paragraphs (4) and (5) of Fed. R. Civ. P. 60(b) are facially inapplicable, which would leave only paragraph (6) to support KORR's (hypothetical) reconsideration motion.  And while the language of this paragraph appears broad, the Third Circuit Court of Appeals has limited its application to "extraordinary circumstances where, without such relief, an *extreme and unexpected hardship* would occur."  *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014) (emphasis added; internal quotation marks, citation omitted).  And there is certainly nothing *extreme* or *unexpected* about proceeding to confirmation on a schedule that comports with Bankruptcy Rule 2002 and is consistent with the standard discovery rules that apply, by default, to all contested matters by operation of Bankruptcy Rule 9014(c).

37.    For the foregoing reasons, even if the Adjournment Motion could be construed as a motion for reconsideration of the Scheduling Order, it should still be denied.

---

[12]    Incidentally (and as is the case with many of the instances where KORR states that the Debtor has "refused" to do something), the Debtor has not "refused" to provide a schedule.  Rather, it stated that there already *is* a schedule, as provided in the Scheduling Order, and if KORR wants to deviate from that then it needs to make a proposal to the Debtor for its consideration (which KORR never did) or it needs to seek relief from the Court (which it is only now doing).  Similarly, the Debtor did not "refuse" to designate trial exhibits and witness lists.  It stated that it will do so no later than required by the Local Rules and the Court's chambers procedures, but that it may do so sooner.  Regarding KORR's witness and exhibit list, understanding that there is no current procedural requirement for KORR to provide it sooner than the Local Rules and chambers procedures would otherwise require, the Debtor served interrogatories on KORR asking for this information, with a requested return date of April 19.  As noted above, KORR has not served any interrogatories to date.

US.363512309.02

**IV.    If the Adjournment Motion Were Construed as a Request for Application of Additional Part VII Rules under Rule 9014(c), it Should Still Be Denied**

38.    As noted above, Bankruptcy Rule 9014(c) provides that the Court "may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply."  Fed. R. Bankr. P. 9014(c).  *However*, the Rule goes on to provide that the Court "shall give the parties notice of any order issued under this paragraph to afford them a reasonable opportunity to comply with the procedures prescribed by the order."  *Id.*  Thus, and at the risk of stating the obvious, the only relief that can be granted under Rule 9014(c) is the *prospective* application of additional Part VII rules.  Retroactive application of additional Part VII rules would be inappropriate.

39.    This distinction matters here, because the general thrust of the Adjournment Motion seems to be that, because of the Debtor's failure to abide by procedural rules that do not currently apply (*see supra* ¶ 35), the Court must (i) hold that those rules apply (which is an unstated, but logically necessary premise of KORR's argument) and (ii) sanction the Debtor for its noncompliance.  This reasoning is circular, and it runs headlong into Bankruptcy Rule 2029's prohibition on imposing a "sanction or other disadvantage" against a party on account of its noncompliance with a secret procedural rule.  *See* Fed. R. Civ. P. 2029(b).

40.    So even if the Adjournment Motion could be construed as a motion under Bankruptcy Rule 9014(c) for application of additional Part VII rules, Rule 9014(c) would provide no basis for extending the date of the confirmation hearing beyond what is currently provided in

the Scheduling Order.[13]  It would, at best, provide a basis for applying additional Part VII rules

between now and the confirmation hearing.  But because there is simply no time for any such rules

to have any meaningful effect between now and then (owing primarily to KORR's delay in seeking

relief from the Court), the request should be denied.

---

[13]    Even if Rule 9014(c) could be construed to permit such relief, the request for relief should be denied on the basis of laches given (i) KORR's lack of diligence in bringing this issue before the Court and (ii) resulting prejudice to the Debtor.  *See State of Kansas v. State of Colorado*, 514 U.S. 673, 687 (1995) ("The defense of laches requires proof of (1) lack of diligence by the party against whom the defense is asserted, and (2) prejudice to the party asserting the defense.") (citations and internal quotation marks omitted); *SEC v. United States Realty & Improvement Co.*, 310 U.S. 434, 455 (1940) ("A bankruptcy court is a court of equity . . . and is guided by equitable doctrines and principles except in so far as they are inconsistent with the [Bankruptcy] Act."); *In re Beaty*, 306 F.3d 914, 922 (9th Cir. 2002) ("[T]he equitable doctrine of laches, which has as its goal the prevention of prejudicial delay in the bringing of a proceeding, is a relevant and necessary doctrine in the bankruptcy context.").

US.363512309.02

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court deny the Discovery Motion and grant any such other and further relief as the Court deems just and proper.


Dated: April 15, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**


*/s/ Patrick A. Jackson*

| | |
|---|---|
| Patrick A. Jackson (No. 4976) | Michael P. Pompeo (*pro hac vice*) |
| Ian J. Bambrick (No. 5455) | Kyle R. Kistinger (*pro hac vice*) |
| 222 Delaware Ave., Suite 1410 | 1177 Avenue of the Americas, 41st Floor |
| Wilmington, DE 19801 | New York, NY 10036 |
| Tel: (302) 467-4200 | Tel: (212) 248-3140 |
| Fax: (302) 467-4201 | Fax: (212 248-3141 |
| patrick.jackson@faegredrinker.com | michael.pompeo@faegredrinker.com |
| ian.bambrick@faegredrinker.com | kyle.kistinger@faegredrinker.com |

Michael T. Gustafson (*pro hac vice*)
320 South Canal Street, Suite 3300
Chicago, IL 60606
Tel: (312)569-1000
Fax: (312) 569-3000
mike.gustafson@faegredrinker.com


*Counsel to the Debtor and*
*Debtor in Possession*

US.363512309.02